## TANBERG v. MULLINS.
### No. 9736.

Court of Civil Appeals of Texas. San
Antonio.

Jan. 29, 1936.

C. C. Bryant, of Harlingen, for appellant.

Abney & Whitelaw, of Brownsville, for appellee.

BOBBITT, Justice.

Appellant, C. A. Tanberg, was the owner, in fee simple, of certain real property situated in Cameron county, which he mortgaged to one Glenn C. Farris, securing the payment of his note to Farris in the sum of $7,040. Under the provisions of the deed of trust, executed by appellant, he agreed to keep the taxes paid on the mortgaged property and to perform the other obligations plainly set forth in the instrument.

Appellee, Linnie E. Mullins, it is conceded, became the owner, in due course, of the Farris note and the instrument securing its payment before its due date, and was entitled to all the benefits and rights of the original party, Farris, who made the loan to appellant.

It is undisputed that appellant breached, or failed to perform, his obligations, as provided in the deed of trust, and that appellee was fully justified and entitled, under the terms of such instrument, to prosecute the foreclosure proceedings thereunder to enforce payment of the note.

As stated, appellant raises no question as to the existence of the obligation, the amount of the debt, or the right of appellee to proceed to collect her debt under the terms of the instrument duly executed by appellant.

This proceeding, stated by appellant herein to be an action for damages against appellee, was filed on the 4th day of December, 1934, after the foreclosure proceedings above mentioned had been fully and legally concluded and the property involved therein purchased by appellee at the sheriff's sale. Appellant, in his petition, recited the existence of the indebtedness owing appellee, as above enumerated, admitted that he had failed to comply with the terms of the deed of trust securing the note, and set forth the foreclosure proceedings in the district court of Cameron county, through which appellee became the owner of the property on the 6th day of December, 1932, pursuant to purchase thereof in regular order, and as above stated.

Appellant undertook to allege in his petition that appellee interfered with and prevented appellant from making a loan from other parties, through which he would have been enabled to raise the funds to pay off the indebtedness to appellee and thus save the property; that the property was of a value greatly in excess of the amount due appellee, and that the foreclosure suit was brought primarily not to collect the amount due under the deed of trust, but for the purpose of "oppressing and harrassing" appellant and to strip him of his property; that such action on the part of appellee was "fraudulent, conscienceless, and oppressive" and entitled appellant to actual damages in the sum of $21,151.83, and exemplary damages in the sum of $10,000, for which he prayed judgment.

The record shows that appellee directed a general demurrer to the petition of appellant, which, upon due consideration, was sustained by the trial court; and, appellant declining to amend his said petition, the cause was dismissed.

Appellant presents this appeal under one assignment of error and proposition simply to the effect that "the court erred in sustaining the general demurrer of defendant to the petition of the plaintiff and dismissing plaintiff's suit," on the ground that it "states a cause of action under the following principle of law:

"Even though no wrongful or unlawful means are employed to accomplish the result, inducing third persons to refrain from the formation of contracts or dealing with the person injured thereby, for solely malicious motives (malice here meaning legal malice as distinguished from malice in the popular sense of the term connecting intent of the mind and heart, ill-will against the person injured), and not arising from competition or from justifiable acts of the person charged, in the prosecution of his own business, constitutes a tort."

We have carefully considered the petition of appellant, as doubtless the trial court did prior to his action thereon, and, giving every reasonable intendment to all of the allegations therein contained, we conclude that the trial court did not err in sustaining the general demurrer and dismissing the suit.

It is clear, from the record before us, that appellee was fully justified and authorized to proceed as she did proceed with the foreclosure suit; and it affirmatively appears that she only exercised her valid legal rights under the terms of a plain written instrument, duly executed, and in no way denied by appellant, and that she did not in fact conclude the final foreclosure proceedings and become the purchaser of the property until a long period of time after the default by appellant.

If, as a matter of fact, appellee had been guilty of the conduct or action suggested by appellant with reference to interfering with appellant's alleged efforts to secure the money to refinance the loan, he could have and should have proceeded at the proper time and in the proper manner to have prevented the same. This he apparently did not do, nor undertake to do. Then he waited two years after the expiration of the foreclosure proceedings, duly and legally concluded, without any complaint on his part, and files this proceeding, being an alleged action for damages, which, in our opinion, the trial court properly found stated no cause of action against appellee. It is our opinion that the court properly sustained the general demurrer to the petition, and we overrule appellant's contention. 33 Tex.Jur. pp. 453, 634, §§ 37, 180, and authorities therein cited.

For the reasons stated, the judgment of the trial court is in all things affirmed.